## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHELLE FLEMING** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| **v.** | : | **NO. 25-CV-6039** |
| | : | |
| **KDM PHA LLC,** | : | |
| *Defendant* | : | |

## M E M O R A N D U M

NITZA I. QUIÑONES ALEJANDRO, J.                                            OCTOBER 28, 2025

Michelle Fleming filed this *pro se* Complaint asserting civil rights and state law claims

against her landlord KDM PHA LLC ("KDM").  Fleming also seeks leave to proceed *in forma*

*pauperis*.  For the reasons set forth, Fleming motion to proceed *in forma pauperis* is granted, and

her Complaint is dismissed.

## I.      FACTUAL ALLEGATIONS[1]

Fleming's allegations are brief.  She claims that KDM violated her due process rights and

state statutes when it failed to protect her from mold that started in the basement of her building

on October 13, 2024.  (Compl. at 3-4.)  KDM sent someone to get rid of the mold and she "was

told to leave by expressing [her] rights as a Tenant."  (*Id.*)  Allegedly, the mold issue was not

addressed and in the summer of 2025 the air conditioning system failed, which caused the mold to

spread.  (*Id.*)  Fleming claims that the mold is affecting her child and other tenants in the building

as well.  (*Id.*)  Fleming seeks money damages.  (*Id.* at 5.)

---

[1]      The factual allegations set forth in this Memorandum are taken from Fleming's Complaint.
(ECF No. 2.)  The Court adopts the sequential pagination assigned to the Complaint by the CM/ECF
docketing system.

## II.   STANDARD OF REVIEW

The Court grants Fleming leave to proceed *in forma pauperis*. Consistent with 28 U.S.C. § 1915(e)(2)(B)(ii), the court is required to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, this Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Fleming is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Further, the court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for the court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See*

*Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## III.    DISCUSSION

Fleming's Complaint fails to allege a plausible civil rights claim.  The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and/or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Groman v. Twp. of Manalapan*, 47 F .3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law.").

Fleming alleges that her landlord KDM violated her due process rights, but she has failed to allege plausibly that KDM is a "state actor" for purposes of § 1983.  Whether a private entity is acting under color of state law — *i.e.,* whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted).  "To answer that question, [the United States Court of Appeals for the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists; *to wit*:  (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d

Cir. 2009) (internal quotations and alteration omitted).  "Action taken by private entities with the mere approval or acquiescence of the State is not state action." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999).  Rather, to support a finding of state action, "the government must be 'responsible for the specific conduct of which the plaintiff complains.'"  *Borrell v. Bloomsburg Univ.*, 870 F.3d 154, 160 (3d Cir. 2017) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)). The test imposed for determining whether a private party is exercising a traditionally exclusive public function is "a rigorous standard that is rarely satisfied for while many functions have been traditionally performed by governments, very few have been exclusively reserved to the State." *Robert S. v. Stetson Sch., Inc.*, 256 F.3d 159, 165-66 (3d Cir. 2001) (internal quotations and alterations omitted) (holding that private school at which plaintiff was placed as a minor by the Department of Human Services was not a state actor); *see also Leshko*, 423 F.3d at 347 (foster parents were not exercising a traditionally exclusive public function and were not state actors despite contractual relationship with social services agency).

Applying these tests, courts routinely hold that a private landlord is not a state actor.  *See*, *e.g.*, *Allen v. Nelson*, No. 25-1287, 2025 WL 1809997, at *2-3 (E.D. Pa. July 1, 2025) ("Allen's due process claim based on [defendant's] conduct in her capacity as Allen's landlord is not plausible because [defendant] is not a state actor." (citing *Groman*, 47 F.3d at 638 and collecting cases)); *Dejesus v. Vicky*, No. 21-1403, 2021 WL 1546228, at *3-4 (E.D. Pa. Apr. 20, 2021) (finding that employee of apartment complex and rental company itself were private individuals or entities involved in property rental and not state actors for purposes of constitutional claims) (citing cases); *Hussein v. New Jersey*, 403 F. App'x 712, 716 (3d Cir. 2010) (*per curiam*) (affirming dismissal of constitutional claims against landlord because landlord was not a state actor); *Benford v. Smith*, No. 04-337, 2005 WL 1325003, at *3 (E.D. Tenn. June 3, 2005) (finding

that private landlords, even ones participating in the Department of Housing and Urban Development's Section 8 housing program, are not considered state actors and thus cannot be liable under § 1983).  As there is no plausible inference that KDM exercised the power of the state, acted in concert with state officials, or was interdependent with the state, Fleming's constitutional claim is dismissed with prejudice.

Having dismissed Fleming's federal law claim, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims.  Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  An individual is a citizen of the state where she is domiciled, meaning the state where she is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  KDM appears to be an LLC whose citizenship is determined by the citizenship of its members.  *Zambelli*, 592 F.3d at 420.  It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the

amount in controversy requirement has been met); *Jackson v. Rosen*, No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Fleming does not allege the citizenship of the parties.  Rather, she provides only the same Pennsylvania addresses for herself and her landlord and fails to allege the citizenship of KDM's members.  Accordingly, she has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims she intends to pursue.

## IV.    CONCLUSION

For these reasons set forth, Fleming's Complaint is dismissed.  Her constitutional claim will be dismissed with prejudice and her state law claims will be dismissed without prejudice for lack of subject matter jurisdiction.  Fleming may file an amended complaint if she is able to allege facts indicating that the parties are of diverse state citizenship.  In the alternative, she may refile her state law claims in state court where the parties' citizenship will not be a factor.  An order of dismissal will be entered.

*NITZA I. QUIÑONES ALEJANDRO, J.*